UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY, CDCR #V-39913,<br><br>          Plaintiff,<br><br>  vs.<br><br>PALMA, Correctional Officer;<br>MORALES, Correctional Officer;<br>V. DORSEY, Correctional Officer;<br>A. AMAT, Correctional Officer;<br>E. URIBE, Correctional Officer;<br>J. ANGULO, Correctional Sergeant;<br>ALVAREZ, Correctional Officer,<br><br>          Defendants. | Case No.: 3:22-cv-01565-GPC-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO ALLOW PAYMENT OF FILING FEES AS MOOT [ECF No. 2]**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>**(3) DENYING MOTION FOR U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3) [ECF No. 4]**<br><br>**AND**<br><br>**(4) DIRECTING CLERK TO ISSUE SUMMONS AND WAIVER OF SERVICE FORMS PURSUANT TO Fed. R. Civ. P. 4(b), (d)(1)** |

**I. Procedural History**

  Plaintiff Charles Ray Cathy, incarcerated at Calipatria State Prison ("CAL"), is proceeding pro se and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with the

Clerk of the Court on October 7, 2022. *See* Compl., ECF No. 1. Plaintiff alleges various correctional officials employed at CAL used excessive force, failed to protect, and retaliated against him in July and August 2022, because he filed prison grievances reporting misconduct. *Id.* at 4, 12.

Plaintiff did not pay the $402 civil filing fee 28 U.S.C. § 1914(a) requires to commence a civil action at the time he submitted his Complaint to the Clerk. Nor did he seek leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Instead, Plaintiff filed a motion seeking a Court order directing prison trust officials at CAL to deduct the full civil filing fee required by 28 U.S.C. § 1914(a) from his account and to send a check to the Clerk of the Court so that he may prosecute this action. *See* ECF No. 2. Plaintiff also filed a motion for U.S. Marshal service "or that the Defendants … waive personal service of []his Complaint." *See* ECF No. 4.

On October 25, 2022, before the Court had the opportunity to rule on either of Plaintiff's requests, he paid the civil filing fee, which renders his first motion moot. *See* ECF No. 3 (Receipt No. CAS141401). However, before it can determine whether Plaintiff's second motion seeking U.S. Marshal service is warranted, the Court must first screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

**II.     Screening of Complaint pursuant to 28 U.S.C. § 1915A**

An initial review of Plaintiff's Complaint is required by 28 U.S.C. § 1915A because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

The Court has reviewed Plaintiff's Complaint and its attached exhibits and finds it contains First and Eighth Amendment claims sufficient to survive the "low threshold" set for sua sponte screening. *See* 28 U.S.C. § 1915A(b); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121, 1123 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Specifically, Plaintiff, who "requires chronic care" due to a "mobility impairment with severe physical limitations," alleges Defendant Palma, the Control Booth Officer on duty in CAL's Housing Unit 3 on August 2, 2022, "smashed" his arm in the cell door at Defendant Morales' signal in retaliation for his having filed prison grievances alleging racially discriminatory housing practices. *See* Compl. at 4, 12, 13; Pl.'s Ex. A, ECF No. 1-2 at 9 (Log No. 287330); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Caddell v. Gittere*, No. 3:19-CV-00053-MMD-WGC, 2019 WL 11825611, at *2–*3 (D. Nev. Nov. 25, 2019) (finding allegations that correctional officer deliberately pinned prisoner's head in steel cell door while he reached for a roll of toilet paper sufficient to "state[ ] a colorable excessive force claim" under the Eighth Amendment); *see also Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff further alleges Defendants Dorsey, Amat, Uribe, and Angulo observed as his arm was being "crushed" in the cell door on August 2, 2022, and yet did "nothing to help." Compl. at 12–13. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in a constitutional violation committed by someone else. *Robins v. Meecham,* 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Uriarte v. Schwarzenegger*, No. 06CV1558-MMA WMC, 2011 WL 4945232, at *3 (S.D. Cal. Oct. 18, 2011) (finding prisoner's claims that officer "watched Plaintiff being crushed between [a] metal door and metal door frame," but "refused to act or intervene in any manner whatsoever to defuse or prevent the unnecessary force" sufficient to support a viable Eighth Amendment claim).

Finally, Plaintiff alleges Defendants Alvarez, Dorsey, Angulo, Amat, and Uribe also "began a campaign of retaliation" against him by engaging in a "cover up," refusing to properly document Defendant Palma's use of force, issuing false Rules Violations Reports against him, "ransack[ing] his cell" and destroying his property, and denying him a "good behavior transfer" despite a 3-year record of disciplinary-free behavior after he insisted on pursuing prison grievances related to the August 2, 2022 incident. *See* Compl. at 4, 6-11; *see also* Pl.'s Ex. A, ECF No. 1-2 at 2–5, 7–8 (Log Nos. 293547, 303317); *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012) (finding allegations that officers filed false disciplinary charges against prisoner after he filed grievances complaining of their racial discrimination "sufficient[] [to] plead[] a First Amendment retaliation" claim); *id* at 1108 (at pleading stage, the "allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal").

Accordingly, because Plaintiff's Complaint alleges plausible First and Eighth Amendment claims for relief "sufficient to warrant . . . an answer," *Wilhelm*, 680 F.3d at 1123, the Court next considers Plaintiff requests that "service be made by a United States

Marshal 'or' that Defendants … waive personal service of []his Complaint." *See* ECF No. 4 at 1.

### III. Motion for U.S. Marshal Service or Waiver of Service

Ordinarily, a person who brings a civil action together with a civil filing fee "remains responsible for timely service." *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). However, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

The Court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). In other cases, the decision to appoint a process server is committed to the court's discretion and may be appropriate where, for instance, "a law enforcement presence appears to be necessary or advisable to keep the peace." *See* Fed. R. Civ. P. 4(c) (Adv. Comm. Note to 1993 Amendment). "[C]ourt orders directing service by marshal should not be issued unless they really are necessary. In short, the aim is to encourage use of methods that do not involve marshals." 93 F.R.D. 255, 262.

In exercising its discretion, courts must be mindful that Congress amended Rule 4 "'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)); *Boudette*, 923 F.2d at 757 (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[] servi[ce]" in private civil actions); *see also Oliver v. City of Oceanside*, No. 16-CV-00565-BAS (JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016). "Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax*, 216 F.R.D. at 4; *see also Raiser v. United States Dist. Ct. for S. Dist. of*

*California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying non-incarcerated pro se litigant's ex parte motion for U.S. Marshal service where plaintiff was not proceeding in forma pauperis and had not "met his burden of demonstrating that such an order was "really necessary" because he had not first "attempted to serve Defendants through … other means."); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."). Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken," and "provide a factual basis for why a court order is necessary to accomplish service." Wright & Miller, 4A FED. PRAC. & PROC. CIV. § 1090 (4th ed.).

Here, Plaintiff is not proceeding IFP, and his Motion fails to articulate why U.S. Marshal service is necessary or what attempts he has taken to serve Defendants with process by alternate means before seeking assistance from the Marshal. *See e.g., Hollywood*, 2018 WL 7461690, at *1–2 (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted."). For these reasons, the Court denies Plaintiff's Motion for U.S. Marshal Service. *See Bax,* 216 F.R.D. at 4–5 (denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding in forma pauperis or as a seaman, has not attempted service by other means, such as service by registered or certified mail under Rule 4(i)").

However, in order to assist Plaintiff in the "effective and efficient service of civil process" in this case, *Volpe v. JP Morgan Chase Bank*, No. 8:22-CV-01054-JWH-DFM, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022); 93 F.R.D. at 262, the Court will direct the Clerk to issue a summons because his Complaint has survived initial screening and must be served upon Defendants within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). The Court cannot grant Plaintiff's additional request that "Defendants hereby waive personal service." *See* ECF No. 4 at 1. For while Defendants subject to service under

Fed. R. Civ. P. 4(e), (f), or (h) "ha[ve] a duty to avoid unnecessary expenses of serving the summons," it is the Plaintiff who must "notify [each] defendant that an action has been commenced," and request that *the defendant*, not the Court, "waive service of summons." *See* Fed. R. Civ. P. 4(d)(1).

The requirements for providing that notice and requesting waivers from each named Defendant are explained in Fed. R. Civ. P. 4(d)(1)(A), and Waiver of Service of Summons (AO 399) Forms sufficient to satisfy Rule 4(d) are available on the Court's website at https://www.casd.uscourts.gov/_assets/pdf/forms/Waiver%20of%20Service%20of%20Summons.pdf. Because the Court presumes Plaintiff's incarceration prohibits his access to those forms, it will further direct the Clerk of Court to provide them to him together with the summons, and certified copies of his Complaint, so that he may attempt to serve the Defendants by requesting waivers on his own. Pursuant to Fed. R. Civ. P. 4(d)(1), Plaintiff must provide by "first-class mail or other reliable means," a copy of his Complaint, two (2) copies of the waiver forms provided, and a prepaid means for returning the waiver form to each Defendant. *See* Fed. R. Civ. P. 4(d)(1).

### III.    Conclusion and Orders

For the reasons explained, the Court **DENIES** Plaintiff's Motion to Allow Payment of Filing Fees as moot (ECF No. 2), and **DENIES** his Motion for U.S. Marshal Service (ECF No. 4) without prejudice as premature.

The Court further **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Palma, Morales, V. Dorsey, A. Amat, E. Uribe, J. Angulo and Alvarez pursuant to Fed. R. Civ. P. 4(b), and forward it to Plaintiff together with seven (7) certified copies of his Complaint (ECF No. 1) and fourteen (14) blank AO 399 Waiver of Service of Summons Forms so that he may notify Defendants that an action has been commenced against them and request each Defendant waive personal service pursuant to Fed. R. Civ. P. 4(d)(1).

/ / /

/ / /

Within 90 days of this Order,[1] Plaintiff must properly execute service upon each Defendant either by filing with the Clerk of the Court an executed waiver on behalf of each Defendant, or by filing proof of personal service of both the Complaint and summons upon each Defendant pursuant to Fed. R. Civ. P. 4(*l*) should that Defendant fail to sign and return his properly requested waiver. Should Plaintiff fail to properly serve the Defendants within 90 days, the Court will order him to show cause why his case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).[2]

**IT IS SO ORDERED**.

Dated: January 19, 2023

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court has tolled Rule 4(m)'s service clock while it conducted its mandatory screening duties pursuant to 28 U.S.C. § 1915A. *See Butler v. Nat'l Cmty. Renaissance of California,* 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)); *see also Much v. Langston*, No. CV 16-0863 VAP (SS), 2018 WL 5905827, at *7 (C.D. Cal. Oct. 23, 2018) ("In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not begin to run until the date the court authorizes service of the complaint."), *report and recommendation adopted*, No. CV 16-0863 VAP (SS), 2018 WL 5906044 (C.D. Cal. Nov. 9, 2018).

[2] Should Defendants fail, without good cause, to sign and return the waivers Plaintiff properly requests, they may be held responsible for costs later incurred in making personal service, and regardless of whether they ultimately prevail. *See* Fed. R. Civ. P. 4(d)(2); *Est. of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005). Should Defendants timely waive service, however, they need not serve an answer to Plaintiff's Complaint until 60 days after the request was sent. *See* Fed. R. Civ. P. 4(d)(3); 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).