UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY, CDCR #V-39913, <br><br>                                      Plaintiff, <br><br> vs. <br><br> PALMA, Correctional Officer; <br> MORALES, Correctional Officer; <br> V. DORSEY, Correctional Officer; <br> A. AMAT, Correctional Officer; <br> E. URIBE, Correctional Officer; <br> J. ANGULO, Correctional Sergeant; <br> ALVAREZ, Correctional Officer, <br><br>                                      Defendants. | Case No.: 3:22-cv-01565-GPC-JLB <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING LEAVE TO FILE SUPPLEMENTAL COMPLAINT PURSUANT TO Fed. R. Civ. P. 15(d)** <br><br> [ECF Nos. 7, 8] |

**I.    Procedural Background**

Plaintiff Charles Ray Cathy, incarcerated at Calipatria State Prison, is proceeding pro se and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with the Clerk of the Court on October 7, 2022. *See* Compl., ECF No. 1. Plaintiff alleges Defendants used excessive force, failed to protect, and retaliated against him in July and August 2022, because he filed prison grievances reporting misconduct. *Id.* at 4, 12.

/ / /

Plaintiff did not pay the $402 civil filing fee 28 U.S.C. § 1914(a) requires to commence a civil action at the time he submitted his Complaint to the Clerk. Nor did he seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Instead, on October 25, 2022, he paid the $402 civil filing fee in full. *See* ECF No. 3 (Receipt No. CAS141401). Because he is a prisoner, however, the Court conducted its mandatory screening of his Complaint as required by 28 U.S.C. § 1915A and on January 19, 2023, found it contained plausible First and Eighth Amendment claims not subject to *sua sponte* dismissal. *See* ECF No. 5 at 2–4. The Court also denied Plaintiff's Motion for U.S. Marshal service pursuant to Fed. R. Civ. P. 4(c)(3) as premature, but directed the Clerk to issue a summons and provide him with blank AO 399 Waiver of Service of Summons Forms so that he could request and procure waivers of personal service from each Defendant on his own. *See* ECF No. 5 at 2–7.

On February 24, 2023, Plaintiff filed a motion seeking reconsideration of the Court's January 19, 2023 Order and again requested the U.S. Marshal's assistance because he had limited access to the law library during a prison lockdown, and difficulty making photocopies of his proofs of service. *See* ECF No. 7. However, on March 31, 2023, Plaintiff filed a subsequent motion seeking leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d), and acknowledging Defendants' interim waivers of personal service. *See* ECF No. 8 at 1.

In fact, on April 24, 2023, Defendants filed an *ex parte* Motion for extension of time in which to file a response to Plaintiff's Complaint, in which they admit to having returned executed waivers of service as to Plaintiff's original Complaint to him via U.S. Mail on March 24, 2023. *See* ECF No. 9-1 at 2 ¶ 2. On April 27, 2023, the Court granted Defendants' request and ordered a responsive pleading on or before June 12, 2023. *See* ECF No. 10.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration seeking U.S. Marshal service as moot and **GRANTS** his Motion for leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d) for the reasons explained below.

## II.     Motion for Leave to File a Supplemental Complaint

Where a plaintiff seeks to add claims that arose after the date he filed his complaint, he may move to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). *See Rhodes v. Robinson*, 621 F.3d 1002, 1006–07 (9th Cir. 2010); Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *Brown v. Deputy #1*, No. 12-cv-1938-GPC-BGS, 2013 WL 5536371 at *6 (S.D. Cal. June 24, 2013) ("A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed.").

Plaintiff "moves for leave to add events that are in relation[] to [his] original Complaint," does not wish to "replace" his original complaint, and instead seeks to file a supplemental complaint alleging "facts [that] have arisen since [his] earlier complaint" was filed on October 7, 2022. *See* ECF No. 8 at 1. Plaintiff specifically invokes Federal Rule of Civil Procedure 15(d), and claims the supplemental complaint he seeks leave to file will "contain those events." *Id.* Plaintiff also makes reference to the "exhaustion" of CDCR 602 Grievance Log No. 376112, which he attaches as Exhibit A. *Id.* at 1, 2–4.[1] This grievance, which appears to have been received by CDCR appeals officials on March 16, 2023, contains allegations of excessive force and stolen property occurring on March 7, 2023. *Id.* The grievance identifies Defendant Morales, who is alleged to have referred to Plaintiff's "lawsuit," but it also contains allegations of wrongdoing on the part of several additional correctional officials who are not already named as parties to this case. *See id.* at 4.

"'Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original

---

[1] The Court notes that new claims alleged in a supplemental pleading must be exhausted prior to filing and will be considered "brought" pursuant to 42 U.S.C. § 1997e(a) at the time Plaintiff tenders his supplemental pleading to the Clerk of Court for filing. *See Rhodes*, 621 F.3d at 1005; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012).

complaint was filed.'" *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). Thus, because Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, … it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County School Board*, 377 U.S. 218, 226–27 (1964); *see also Vanguard Med. Mgmt. Billing, Inc. v. Baker*, 2018 WL 6137190, at *4 (C.D. Cal. Aug. 30, 2018) ("[S]upplemental pleading may seek to bring in additional parties[,] plaintiff or defendant[,] when the subsequent events alleged in the new pleading make it *necessary* to join them.") (citing 6A Fed. Prac. & Proc. Civ. § 1507 (2018) (emphasis added)).

"While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). "Under the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court." *Id.* at 475. The court's primary focus is on judicial efficiency. *See Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). The use of supplemental pleadings is favored when it enables a court to award complete relief in one action "to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473 (citations omitted); *see also Moore v. Lankford,* No. 19CV2406-DMS (BLM), 2020 WL 3129563, at *1 (S.D. Cal. June 12, 2020) (citing *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co*., 668 F.2d 1014, 1057 (9th Cir. 1981)).

In deciding whether to grant leave to amend pursuant to Fed. R. Civ. P. 15(a) or to supplement his original pleading pursuant to Fed. R. Civ. P. 15(d), courts consider the *Foman* factors: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lyon v. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a).").

4

3:22-cv-01565-GPC-JLB

Here, Plaintiff explicitly seeks to supplement his original pleading with new facts related to related events arising after the initiation of his case and involving at least one of the Defendants originally named as a party. *See* ECF No. 8 at 1 & Ex. A at 4. Based on Plaintiff's motion alone, the Court finds no undue delay, suggestion of bad faith, or dilatory motive on Plaintiff's part. Plaintiff's case is still in its initial stages, he has not amended before, nothing in his motion indicates his intended supplemental claims would be futile, and Defendants have yet to file any responsive pleading. Therefore, the Court finds all the *Foman* factors weigh in Plaintiff's favor.

## III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 7) as moot and **GRANTS** Plaintiff's Motion for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) (ECF No. 8). Plaintiff must clearly title his pleading as his Supplemental Complaint, include Civil Case No. 22-cv-1565-GPC-JLB in its caption, file it with the Clerk of the Court, and serve it upon Defendants **no later than June 5, 2023**.

**IT IS SO ORDERED**.

Dated:  May 2, 2023

Hon. Gonzalo P. Curiel
United States District Judge