UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br>CDCR #V-39913,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PALMA, Correctional Officer;<br>MORALES, Correctional Officer;<br>V. DORSEY, Correctional Officer;<br>A. AMAT, Correctional Officer;<br>E. URIBE, Correctional Officer;<br>J. ANGULO, Correctional Sergeant;<br>ALVAREZ, Correctional Officer;<br>M. TRIMBLE, Correctional Officer;<br>GALVAN, Correctional Officer;<br>CASTRO, Correctional Officer;<br>THORPE, Correctional Officer;<br>BRADFORD, Correctional Officer;<br>PREA, Correctional Officer;<br>NAVARRO, Correctional Officer,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01565-GPC-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL**<br>**[ECF No. 14]**<br><br>**AND**<br><br>**(2) DIRECTING CLERK TO ISSUE SUMMONS AND WAIVER OF SERVICE FORMS FOR NEWLY ADDED DEFENDANTS PURSUANT TO Fed. R. Civ. P. 4(b), (d)(1)** |

### I.  Procedural History

Plaintiff Charles Ray Cathy, incarcerated at Calipatria State Prison ("CAL"), is proceeding pro se and filed his original civil rights Complaint pursuant to 42 U.S.C. § 1983 on October 7, 2022. *See* Compl., ECF No. 1.  He is not proceeding in forma pauperis, and instead has paid the filing fees required by 28 U.S.C. § 1914(a). *See* ECF No. 3.

In his original Complaint, Plaintiff alleges Defendants Palma and Morales, both correctional officials employed at CAL, used excessive force against him on August 2, 2022, by smashing his arm in his cell door in retaliation for his having prison grievances alleging racially discriminatory housing practices. *See* Compl,, ECF No. 1 at 4, 12, 13, Ex. A, ECF No. 1-2 at 9 (Log No. 287330). Plaintiff further alleges Defendants Dorsey, Amat, Uribe, and Angulo observed, but failed to intervene. *See* Compl., ECF No. 1 at 12–13. Finally, Plaintiff claims Defendants Alvarez, Dorsey, Angulo, Amat, and Uribe also "began a campaign of retaliation" against him by engaging in a "cover up," refusing to properly document Palma's use of force, issuing false Rules Violations Reports ("RVRs") against him, "ransack[ing] his cell" and destroying his property, and denying him a "good behavior transfer" despite a 3-year record of disciplinary-free behavior after he insisted on pursuing prison grievances related to the August 2, 2022 incident. *See* Compl. at 4, 6–11; *see also* Ex. A, ECF No. 1-2 at 2–5, 7–8 (Log Nos. 293547, 303317).

On January 9, 2023, the Court conducted a *sua sponte* screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and determined it contained "plausible First and Eighth Amendment claims "sufficient to warrant … an answer." *See* ECF No. 5 at 4 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)). And while the Court found Plaintiff was not entitled to U.S. Marshal service pursuant to Fed. R. Civ. P. 4 (c)(3), it directed the Clerk to issue a summons and provide Plaintiff with blank AO 399 Waiver of Service of Summons Forms. *See id.* at 7. Plaintiff has procured waivers from each originally-named Defendant on his own pursuant to Fed. R. Civ. P. 4(d)(1), and those Defendants have since filed an Answer. *See* ECF No. 8 at 1; ECF No. 9-1 at 2 ¶ 2; ECF No. 12.

In the interim, however, Plaintiff requested and the Court granted him leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). *See* ECF No. 11. On May 15, 2023, Plaintiff filed his Supplemental Complaint. *See* ECF No. 13. Plaintiff's Supplemental Complaint alleges new incidents of retaliation arising after the filing of his original Complaint involving Defendants Morales, Dorsey, Amat, Uribe, Angulo, and

Alvarez, *see id.* at 1–6, 9–11, 16, 18, 21, 22, as well as new allegations of retaliation, physical assault, and racial discrimination committed by CAL Correctional Officers M. Trimble, Galvan, Castro, Thorpe, Bradford, Prea, Morales, and Navarro on March 7, 2023, which Plaintiff contends occurred "in relation to" his original causes of action and "in an attempt to intimidate and harass [him] for having filed this lawsuit on October 7, 2022. *See id.* at 35–37, 39–43. Plaintiff also seeks the appointment of counsel. *See* ECF No. 14.

## II.     Motion to Appoint Counsel

Plaintiff requests the assistance of counsel based on the alleged complexity of his claims, his ADA status, "chronic medical health problems," limited prison library access, and his eventual need to conduct a "factual investigation" and to cross-examine witnesses. *See id.* at 1, 2.

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), Plaintiff is not proceeding in forma pauperis in this case. Therefore, he has not previously demonstrated he is "unable to pay" civil filing fees pursuant to 28 U.S.C. § 1915(a)(1). Nor has he shown he is "unable to afford counsel" now. *See* 28 U.S.C. § 1915(e)(1).

Even assuming indigency, however, the Court's discretion under § 1915(e)(1) may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970). The Court concedes that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well

have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are … not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's Complaint or Supplemental Complaint suggest he is incapable of articulating the factual basis for his First or Eighth Amendment claims which are common to prison litigation and appear "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's pleadings, that he is fully capable of pleading plausible claims for relief. *See Meeks v. Nunez*, No. 3:13-CV-0973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (denying ADA inmate appointment of counsel where inmate "successfully survived screening," and had submitted motions "drafted with clarity and [asserting] proper arguments."); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court.").

In addition, while Plaintiff may have sufficiently *pleaded* plausible retaliation and excessive force claims at this preliminary stage of the proceedings, he has yet to demonstrate and it is too soon to tell whether he is likely to succeed on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-

JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

For these reasons, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 14) without prejudice.

**III.   Screening of Supplemental Complaint pursuant to 28 U.S.C. § 1915A**

As the Court noted in its May 2, 2023 Order, "'Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.'" *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted).  "[I]t follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County School Board*, 377 U.S. 218, 226–27 (1964). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988)

While Defendants Alvarez, Amat, Angulo, Dorsey, Morales, Palma, and Uribe have already filed an Answer in response to Plaintiff's original Complaint, *see* ECF No. 12, Plaintiff's Supplemental Complaint contains new allegations arising after the filing of this suit against some of them, and asserts related causes of action against seven additional CAL Correctional Officers.  Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

The Court has now reviewed Plaintiff's Supplemental Complaint and its attached exhibits and finds it too contains First Amendment retaliation and Eighth Amendment excessive force claims arising on March 7, 2023 which are sufficient to survive the "low threshold" set for *sua sponte* screening. *See* 28 U.S.C. § 1915A(b); *Wilhelm,* 680 F.3d at 1121, 1123 (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). *See* ECF No. 13 at 39–43 & Ex. L at 46–47 (Log No. 376112); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *see also Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012) (finding allegations that officers filed false disciplinary charges against prisoner after he filed grievances complaining of their racial discrimination "sufficient[] [to] plead[] a First Amendment retaliation" claim); *id* at 1108 (at pleading stage, the "allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal").

///

Accordingly, because Plaintiff's Supplemental Complaint alleges plausible First and Eighth Amendment claims for relief related to his original causes of action and arising after the filing of his original Complaint that are "sufficient to warrant . . . an answer," *Wilhelm*, 680 F.3d at 1123, in order to ensure the "effective and efficient service of civil process" in this case, the Court will direct the Clerk to issue a summons as to Plaintiff's Supplemental Complaint upon newly added Defendants M. Trimble, Galvan, Castro, Thorpe, Bradford, Prea, and Navarro. *See Volpe v. JP Morgan Chase Bank*, No. 8:22-CV-01054-JWH-DFM, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022); *see also* Fed. R. Civ. P. 4(b), 4(c)(1).

Because Plaintiff is not entitled to U.S. Marshal service pursuant to Fed. R. Civ. P. 4(c)(3), he "remains responsible for timely service" upon the newly added parties as required by Rule 4. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Defendants subject to service under Fed. R. Civ. P. 4(e), (f), or (h) "ha[ve] a duty to avoid unnecessary expenses of serving the summons," but it is the Plaintiff who must "notify [each] defendant that an action has been commenced," and request that the defendant "waive service of summons." *See* Fed. R. Civ. P. 4(d)(1). The requirements for providing that notice and requesting waivers from each named defendant are explained in Fed. R. Civ. P. 4(d)(1)(A), and Waiver of Service of Summons (AO 399) Forms sufficient to satisfy Rule 4(d) are available on the Court's website at https://www.casd.uscourts.gov/_assets/pdf/forms/Waiver%20of%20    Service%20of%20Summons.pdf.

As before, the Court presumes Plaintiff's incarceration prohibits his access to those forms; therefore, it will again direct the Clerk of Court to provide them to him together with the summons, and certified copies of his Supplemental Complaint, so that he may attempt to serve the *newly added* Defendants by requesting waivers on his own. Pursuant to Fed. R. Civ. P. 4(d)(1), Plaintiff must provide by "first-class mail or other reliable means," a copy of his Supplemental Complaint, two (2) copies of the waiver forms

provided, and a prepaid means for returning the waiver form to each newly named Defendant. *See* Fed. R. Civ. P. 4(d)(1).

## IV.    Conclusion and Orders

For the reasons explained, the Court **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 14) and **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Supplemental Complaint upon newly added Defendants M. Trimble, Galvan, Castro, Thorpe, Bradford, Prea, and Navarro pursuant to Fed. R. Civ. P. 4(b). The Clerk will forward this summons to Plaintiff together with seven (7) certified copies of his Supplemental Complaint (ECF No. 13) and fourteen (14) blank AO 399 Waiver of Service of Summons Forms so that he may notify these Defendants that an action has been commenced against them and request each of them to waive personal service pursuant to Fed. R. Civ. P. 4(d)(1).

Within 90 days of this Order, Plaintiff must properly execute service upon each of these newly added Defendants either by filing with the Clerk of the Court an executed waiver on behalf of each of them, or by filing proof of personal service of both the Supplemental Complaint and summons upon each new Defendant pursuant to Fed. R. Civ. P. 4(*l*) should that new Defendant fail to sign and return his properly requested waiver. Should Plaintiff fail to properly serve the newly-named Defendants within 90 days, the Court will order him to show cause why the claims alleged in his Supplemental Complaint

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

against these parties should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED**.

Dated:  May 25, 2023

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Should the newly-added Defendants fail, without good cause, to sign and return the waivers Plaintiff properly requests, they may be held responsible for costs later incurred in making personal service, and regardless of whether they ultimately prevail.  *See* Fed. R. Civ. P. 4(d)(2); *Est. of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005).  Should these Defendants timely waive service, however, they need not serve an answer to Plaintiff's Supplemental Complaint until 60 days after the request was sent.  *See* Fed. R. Civ. P. 4(d)(3); 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).