UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY, CDCR #V-39913,<br><br>                                     Plaintiff,<br><br>vs.<br><br>PALMA, Correctional Officer;<br>MORALES, Correctional Officer;<br>V. DORSEY, Correctional Officer;<br>A. AMAT, Correctional Officer;<br>E. URIBE, Correctional Officer;<br>J. ANGULO, Correctional Sergeant;<br>ALVAREZ, Correctional Officer;<br>M. TRIMBLE, Correctional Officer;<br>GALVAN, Correctional Officer;<br>CASTRO, Correctional Officer;<br>THORPE, Correctional Officer;<br>BRADFORD, Correctional Officer;<br>PREA, Correctional Officer;<br>NAVARRO, Correctional Officer,<br><br>                                     Defendants. | Case No.: 3:22-cv-01565-GPC-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 20.] |

On October 7, 2022, Plaintiff Charles Ray Cathy, proceeding pro se and incarcerated at Calipatria State Prison ("CAL"), filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl.)  On May 15, 2023, pursuant to the Court's order, Plaintiff

filed a Supplemental Complaint. (ECF No. 13.) Plaintiff alleges various correctional officials employed at CAL used excessive force, failed to protect, and retaliated against him in July and August 2022, because he filed prison grievances reporting racially discriminatory housing practices. (ECF No. 1, Compl. at 4, 12, 13.[1]) The supplemental complaint alleges new incidents of retaliation arising after the filing of the original Complaint involving defendants as well as new allegations of retaliation, physical assault and racial discrimination against newly added defendants. (ECF No. 13 at 1-6, 9-11, 16, 18, 21, 22, 35-37, 39-43.)

Accompanying the Supplemental Complaint was Plaintiff's motion to appoint counsel. (ECF No. 14.) On May 25, 2023, the Court denied the motion to appoint counsel. explaining that Plaintiff had not demonstrated "exceptional circumstances" at this stage because he was able to "articulat[e] the factual basis for his . . . . claims" and he had "yet to demonstrate and it [was] too soon to tell whether he is likely to succeed on the merits." (ECF No. 15 at 4.) On July 14, 2023, Plaintiff filed the instant motion for reconsideration of the Court's order denying his motion to appoint counsel. (ECF No. 20.) Plaintiff argues that because he is in administrative segregation, he will not have enough "time to complete discovery", (*id*. at 1), and priority pass users of the library are only provided with 30 days of law library access which he claims is not sufficient for him to complete discovery. (*Id.*)

## Discussion

**A    Legal Standard on Motion for Reconsideration**

A district court has inherent power to reconsider a motion in the name of sound judicial discretion. *See United States v. Raddatz*, 447 U.S. 667, 678 (1980) (granting a district court the power to reconsider a previously denied motion). There is no "precise rule" that expressly grants a district court the power to reconsider an order. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). "The authority of district courts to

---

[1] Page numbers are based on the CM/ECF pagination.

reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (looking to local rules of Central District of California as "explicit textual source of authority" for reconsideration motion).

Here, the relevant provision of the Southern District of California Civil Local Rule 7.1(i)(1) provides that on a motion for reconsideration a party must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1(i)(1). Additionally, the Civil Local Rules imposes a 28-day time limit on motions for reconsideration. *Id.* at 7.1(i)(2).

The order denying the appointment of counsel was filed on May 25, 2023 and Plaintiff filed his motion on July 11, 2023. Therefore, the motion for reconsideration was filed past the 28 day time limit and is untimely. However, even if the motion was timely, it fails on the merits. Plaintiff has failed to present new or different facts that would warrant reconsideration. In the prior motion, he sought the assistance of counsel due to limited prison library access and his need to conduct a factual investigation and cross-examine witnesses. (ECF No. 14 at 2.) Similarly, in his motion for reconsideration, he claims he has limited ability to conduct discovery because he is in administrative segregation and because he is limited to conduct discovery during the 30 days prior to a court established deadline.[2] (ECF No. 20 at 1, 5.) Plaintiff has not presented any new or different facts that would warrant reconsideration of the Court's order denying his motion to appoint counsel. Moreover, this case is still in its early stages. An answer has not been filed on the Supplemental Complaint. A case management conference has not been held and discovery has not yet commenced. To the extent Plaintiff will need additional time for discovery or

---

[2] It appears he is challenging the Priority Legal User status for use of the law library. (ECF No. 20 at 1, 5.)

to respond to any future motions, he may seek leave of court for an extension of time. Therefore, the Court DENIES Plaintiff's motion for reconsideration.

### Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration of the Court's order denying his motion to appoint counsel.

**IT IS SO ORDERED**.

Dated: August 17, 2023

Hon. Gonzalo P. Curiel
United States District Judge