UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br><br>                              Plaintiff,<br><br>v.<br><br>PALMA, et al.,<br><br>                              Defendants. | Case No.: 22cv1565-LL-JLB<br><br>**ORDER:**<br>**(1) GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**<br>[ECF No. 73];<br><br>**(2) DENYING PLAINTIFF'S MOTION TO RECONSIDER SETTLEMENT**<br>[ECF No. 76] |

Before the Court is Defendants' Motion to Enforce Settlement ("Motion"). ECF No. 73 ("Mot."). Specifically, Defendants "move the Court for an order enforcing the parties' settlement agreement entered into on the record on August 27, 2024, and dismissing Plaintiff's Complaint & Supplemental Complaint, and all claims as to all Defendants, with prejudice." *Id.* at 2. Plaintiff filed a document styled "Motion to Reconsider Mediation Hearing Settlement," which the Court construes as an opposition to Defendants' Motion. ECF No. 76 ("Opposition" or "Oppo."). Finally, Defendants filed a Reply. ECF No. 77 ("Reply"). The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule

7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiff's Motion to Reconsider Mediation Hearing Settlement.

## I.  BACKGROUND

On October 7, 2022, Plaintiff Charles Ray Cathy, incarcerated at Calipatria State Prison and proceeding pro se, initiated this matter by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's complaint and supplemental complaint allege First Amendment retaliation and Eighth Amendment excessive force claims against various correctional officers. ECF Nos. 1, 13.

On August 27, 2024, the parties participated in a mandatory settlement conference ("MSC") before Magistrate Judge Burkhardt, and the case settled on the record. ECF No. 59. According to the transcript of the MSC, Defendants will pay Plaintiff $2,750; each party will bear their own costs and fees; the case will be dismissed by Plaintiff with prejudice; and Plaintiff will release all claims. Mot. at 12.

Defense counsel attests that on August 29, 2024, he mailed to Plaintiff a settlement agreement and release, a joint motion to dismiss with prejudice, a payee data form, and an addressed return envelope with postage. ECF No. 73-1, Declaration of Nicholas P. Banegas ("Banegas Decl."), ¶ 7. Defense counsel further attests that he has not received the signed documents, and Plaintiff declined defense counsel's request to schedule a phone call to discuss the settlement documents. *Id.* ¶¶ 8–9; Mot. at 20–21.

On December 17, 2024, Defendants filed a motion to enforce settlement. ECF No. 70. On December 19, 2024, the Court issued a briefing schedule setting deadlines for Plaintiff to file an opposition to the motion and Defendants to file a reply. ECF No. 71. Also on December 19, 2024, Defendants withdrew their motion to enforce settlement because it was missing a signature and filed the instant Motion with the signature. ECF Nos. 72, 73.

/ / /

/ / /

## II.  LEGAL STANDARD

A district court has inherent enforcement power, which includes "the power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citations omitted). Enforcement upon motion is inappropriate "where material facts concerning the existence or terms of a settlement were in dispute or where a settlement agreement was apparently procured by fraud." *Id.* (citations omitted).

## III.  DISCUSSION

Defendants contend that Plaintiff knowingly and voluntarily agreed, on the record, to settle his lawsuit and dismiss his claims. Mot. at 5.

Plaintiff argues that "there is a dispute over the terms of the settlement agreement." Oppo. at 76. He states that he is hearing impaired "and could not comprehend the spoken language" and "did not understand its terms, 'mediation hearing.'"[1] *Id.*

The Court finds Plaintiff knowingly and voluntarily agreed to the settlement terms made on the record in court. A review of the transcript of the MSC makes this clear. Judge Burkhardt prefaced the recitation of the terms by stating that "even if the written settlement agreement is not signed, this settlement will nonetheless be binding on all parties based on it being placed on the record today." Mot. at 12. After reciting the settlement terms, Judge Burkhardt asked Plaintiff if she had accurately set forth the terms of the settlement and if he understood them. *Id.* at 12–13. Plaintiff replied, "Yes, your Honor." *Id.* at 13. Judge

---

[1] Plaintiff requests a video conference and appointment of counsel due to his disability. Oppo. at 1. Plaintiff has clearly articulated his opposition to Defendants' Motion. In light of the transcript, the Court finds his likelihood of success on the merits is slim. The Court thus denies Plaintiff's request for appointment of counsel and declines to hold a video conference. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding a court has discretion in "exceptional circumstances" under 28 U.S.C. § 1915(e)(1) to request an attorney to represent a person unable to afford counsel, which requires consideration of the person's likelihood of success on the merits and ability to articulate his claims in light of the complexity of the issues involved).

Burkhardt also asked Plaintiff if he agreed to be bound by the terms of the settlement, as she stated them on the record, to which he replied, "I do, your Honor." *Id.* at 14. In fact, Plaintiff's replies to all of Judge Burkhardt's questions were responsive and coherent. *See id.* at 13–14. He did not indicate that he had any difficulty understanding or hearing anything that was spoken, despite being given ample opportunity to do so by the Court.

The Court finds the parties made a binding settlement agreement after they reached a settlement in off-the-record discussions with Judge Burkhardt, then went on the record to announce the settlement, record all material terms, and confirm the parties' agreement. *See Ryan v. Garcia*, 27 Cal. App. 4th 1006, 1009 (1994) (noting that oral settlement agreements are enforceable in California.). Upon direct questioning by Judge Burkhardt, Plaintiff agreed to the terms. The Court thus finds the parties entered into a valid and binding settlement agreement, and Plaintiff knowingly and voluntarily agreed to its terms. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137–38 (9th Cir. 2002) (finding a district court did not abuse its discretion in enforcing a binding settlement agreement made in open court when the terms were put on the record and the parties agreed to the terms in response to direct questioning). Accordingly, the Court **GRANTS** Defendants' Motion.

### IV. CONCLUSION

As set forth above, the Court **GRANTS** Defendants' Motion to Enforce Settlement and **DENIES** Plaintiff's Motion to Reconsider Settlement. The material terms of the settlement agreement set forth on the record on August 27, 2024 shall be enforced. ECF No. 73 at 11–15. Pursuant to the settlement agreement, this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

Dated: April 21, 2025

Honorable Linda Lopez
United States District Judge